### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| **LEESA MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE ACTION NO.:_____ |
| ) | |
| **LISTERHILL CREDIT UNION,** ) | |
| ) | |
| **Defendant** ) | |

## COMPLAINT

### Jurisdictional allegations

1. Plaintiff, Leesa Moore is a resident of Lauderdale County, Alabama

2. Defendant, Listerhill Credit Union is an "employer" within the meaning of the Older Workers Benefit Protection Act having more than 20 employees.

3. Defendant is headquartered in Muscle Shoals, Alabama.

4. The plaintiff's complaint arises under the laws of the United States as the plaintiff's complaint charges that the defendant unlawfully discriminated against her in the terms of her employment due to her age. This court has subject matter jurisdiction of this action pursuant to *29 U.S.C. 621, et. seq.*   Venue is proper in this district for the acts that give rise to the plaintiff's complaint of age discrimination occurred within this district.

### IV.     FACTUAL BACKGROUND

5. Plaintiff's date of birth is February 11, 1961.

6. Plaintiff began employment with defendant in July 2010.

7. Plaintiff was initially employed as a mortgage originator for the defendant. A mortgage originator solicits and sales the defendant mortgage services.

8. In 2016, the plaintiff was promoted to a mortgage underwriter. A mortgage underwriter determines whether a potential borrower qualifies and meets the standards of obtaining a loan underwritten by the defendant.

9. Plaintiff had excellent job reviews and performed her position more than adequately.

10. Plaintiff was well compensated with salary and employee benefits.

11. Around the first part of April 2018, the representatives for the defendants informed the plaintiff that they were reorganizing her position and that mortgage underwriters would now require a college degree to continue employment. Plaintiff did not have a college degree.

12. On April 16, 2018, the Defendants terminated the plaintiff's employment.

13. On the same day as her termination, the plaintiff signed a waiver and separation agreement with the defendants. This agreement was not knowingly and voluntarily waiver of her rights under the Older Workers Benefit Protection Act, 29 U.S.C. 623 seq. et., because the defendant misrepresented to the plaintiff that she was being terminated because she did not have a college degree. This was a false reason but the Plaintiff was unaware at the time she executed the separation agreement that the Defendant had made a false representation to her in order to get her to execute this agreement.

14. Shortly after the Plaintiff's termination, the defendant prompted an employee less than 40 years of age, identified as A.F. to the job of mortgage underwriter for the defendant with the position the plaintiff previously occupied.

15. A.F. had less experience in mortgage underwriting, was less than 40 years of age and had no college degree.

16. The plaintiff filed a complaint with the Equal Opportunity Employment Commission or EEOC on October 3, 2018, claiming age discrimination.

17. The plaintiff amended her charge on October 5, 2018 to conform to EEOC guidelines but still charging that the Defendant discriminated against her by terminating her employment due to her age. This amended charge was sent to EEOC by the Plaintiff by means of the United States mail prepaid, fax transmission and FedEx.

18. The EEOC office in Birmingham Alabama received the amended charge on October 9, 2018 by FedEx.

19. The EEOC investigated pursuant to its statutory authority and issued the plaintiff a right to sue letter dated March 27, 2019. Exhibit A

## COUNT I

20. The plaintiff readopts and re-alleges the factual averments previously set forth as is fully set out herein.

21. The plaintiff was employed by the defendant as a mortgage underwriter when she was terminated because of her age in violation of *29 U.S.C. 623 (a)(1)*.

22. Plaintiff's age was the determining factor in her termination by the Defendants.

*23.* Plaintiff is entitled to damages from the defendant from remedies including the loss of bonuses, back pay, promotions or fringe benefits; reinstatement to her position as a mortgage underwriter or front pay. Reasonable fees and costs and liquidated damages for the defendant's violation and any other legal and equitable damages permitted by *29 USC 621 et. seq.*

## JURY TRIAL DEMAND

Plaintiff demands trial struck by jury.

*/s/ R. Willson Jenkins*
Willson Jenkins,
Attorney for Plaintiff
JEN009, Bar I.D. # ASB-1097-161R
201 S. Court St. Ste. 450
Florence, Alabama 35630
256-766-4840-Phone
256-485-4733-Fax